**Sarah SMITH, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 88–3572.**

United States District Court, E.D. Pennsylvania.

Sept. 22, 1989.

---

Christina J. Barbieri, Barbieri & Hampton, Philadelphia, Pa., for plaintiff.

Cynthia J. Giles, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

KATZ, District Judge.

This is an action under 42 U.S.C. § 405(g) for review of the final decision of the Secretary of Health and Human Services ("Secretary") denying plaintiff's claim for disability benefits. Plaintiff, Sarah Smith, claiming disability since 1984, applied for benefits on July 18, 1985. The Administrative Law Judge ("ALJ") denied her claim and the Appeals Council affirmed. Following plaintiff's commencement of a civil action in this court, the case comes before me on cross-motions for summary judgment.

Because the Secretary's decision is not supported by substantial evidence, I reverse. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); 42 U.S.C. § 405(g). The ALJ failed to give due credit to the testimony of Mrs. Smith's treating physicians in determining the validity of her ailments. In addition, the ALJ failed to consider plaintiff's impairments in combination when determining the extent of her functional impairment. Accordingly, the matter is remanded to the United States Magistrate for entry and award of benefits for the reasons given below.

Mrs. Smith, a 54–year old woman who worked as a housemother for a college dormitory, was thrown to the floor of a bus, when a passenger in 1983. She was hospitalized for fifteen days for neck and back injuries. Since her release from the hospital, she has been a patient of Dr. Sbarbaro, Dr. Franklin and Dr. Mahar due to her recurrent physical problems, including lung cancer (sarcoidosis), unrelated to the accident.

Mrs. Smith suffers constant severe pain in her neck, shoulders, back and legs. She is prone to falling due to collapse of her legs, and cannot walk more than half a block, cannot use stairs, and cannot sit for any length of time without discomfort. Nor can she perform household chores or pursue her formerly active involvement with the church. In addition, the medicine she takes to control her pain causes serious fatigue; yet she cannot function without it.

Moreover, Mrs. Smith may black out as frequently as once a week, for five or six minutes at a time. She has difficulty breathing and suffers from chest pains. She has been diagnosed as having numerous ailments, including pulmonary sarcoidosis, arthralgia of multiple joints suggestive of degenerative joint disease, and lumbar and cervical strain. Because of her potential need for emergency care, Mrs. Smith's doctors have warned her that she is not to be left alone at any time.

The Secretary's decision that Mrs. Smith could perform her past work as a housemother for a college dormitory is not supported by substantial evidence. Substantial evidence is that which a reasonable mind might accept to support a conclusion. *Perales*, 402 U.S. at 401, 91 S.Ct. at 1427. Given Mrs. Smith's treating physicians' opinions that her complaints were consistent with their medical findings, and the overall effects of her ailments, it was unreasonable to conclude that Mrs. Smith was not disabled.

■ The opinion of the treating physician is entitled to great weight by an ALJ who is determining medical impairment under the Social Security Act. *Podedworny v. Harris*, 745 F.2d 210, 217 (3d Cir.1984). Absent persuasive contradictory evidence, the validity of the claimant's symptoms can be conclusively established by the opinion of the treating physician. *Green v. Weinberger*, 391 F.Supp. 632 (E.D.Pa.1975). The ALJ said that Dr. Sbarbaro's statement in 1987 that Mrs. Smith's condition was unimproved contradicted his 1985 assessment regarding her neck pain. (Exhibits 17 and 13). In fact, however, Dr. Sbarbaro's 1987 opinion acknowledged some improvement in her neck symptoms during 1984, but noted that she still suffered chronic, intransigent pain. His 1987 report also mentioned that Mrs. Smith had undergone three hospitalizations for her pulmonary sarcoidosis, a condition the ALJ did not take into account when evaluating the treating physician's opinion.

Given Dr. Sbarbaro's opinion that Mrs. Smith's pain was consistent with his medical examination of her (Exhibit 17), and Dr. Franklin's conclusion that Mrs. Smith was disabled by her impairments, the ALJ should have accorded these opinions the greater weight they deserve. The treating physician's report and finding that the plaintiff is unable to work are entitled to greater weight than is the report of a one-time consultative examiner. *Jones v. Harris*, 497 F.Supp. 161 (E.D.Pa.1980). The ALJ's disregard of the treating physicians' findings, in favor of the opinion of the consulting doctor, Dr. Mercier, (Exhibit 12) which was based merely on one examination, indicates that his determination of "not disabled" is not supported by substantial evidence.

■ Further, the ALJ did not consider the total effect of Mrs. Smith's numerous ailments upon her ability to function as a dormitory housemother. The cumulative effect of all impairments must be analyzed when evaluating a claim of disability. *Dobrowolsky v. Califano*, 606 F.2d 403 (3d Cir.1979). While the ALJ and Appeals Council found that Mrs. Smith's inability to bend and lift would not interfere with being a housemother, they failed to consider other evidence that would limit Mrs. Smith's ability to do such work. (Tr. 19). For example, the ALJ failed to explain why Mrs. Smith's shortness of breath, inability to climb stairs or walk more than half a block, proneness to blackouts and falls, chest pains and extreme drowsiness caused by her medication would not interfere with a housemother's tasks. Had the ALJ considered Mrs. Smith's ailments as a whole, he would have had to conclude that she was unable to work, and thus, disabled.

## ORDER

AND NOW, this 22nd day of September, 1989, upon consideration of plaintiff's and defendant's Motions for Summary Judgment, it is hereby ORDERED that plaintiff's motion is granted, defendant's motion is denied, and summary judgment is entered in favor of plaintiff and against defendant. This case is remanded to the Sec-

retary for computation and award of benefits.